Case 1:03-cv-05088-WHP-GWG   Document 92   Filed 04/16/09   Page 1 of 4

08-0941-cv
Brandaid Marketing Corporation v. Biss

SDNY/NY,NY
03-CV-5088
Pauley, J.



UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand and nine.

Present:
    HON. JOSEPH M. McLAUGHLIN,
    HON. RICHARD C. WESLEY,
                       *Circuit Judges.*
    HON. LEONARD B. SAND*
                       *District Judge.*



BRANDAID MARKETING CORPORATION,

        *Plaintiff-Counter-Defendant-Appellee,*

- v -                                                          No. 08-0941-cv

STEVEN S. BISS,

        *Defendant-Third-Party-Plaintiff-Counter Claimant-Appellant,*

CYBERIAN ENTERPRISES, LTD.,

        *Defendant-Third-Party-Plaintiff-Counter Claimant,*

PETER MARKUS, PAUL SLOAN,

        *Third-Party-Defendant.*

---

    * The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

1

ISSUED AS MANDATE: APR 13 2009

For Appellant:    Steven S. Biss, Esq., Richmond, VA

For Appellee:    Paul W. Siegert, Esq., New York, NY

---

1  UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
2  DECREED that the judgment of the district court be **AFFIRMED** and BrandAid Marketing
3  Corporation's cross-appeal is **DISMISSED**.

4  Defendant-Appellant Steven S. Biss appeals from a judgment entered on January 25,
5  2008 in the Southern District of New York (Pauley, III, *J.*). The District Court entered judgment
6  in favor of Plaintiff-Appellee BrandAid Marketing Corporation in the amount of $21 million on
7  its breach of contract claim against Defendant Cyberian Enterprises and nominal damages of $1
8  on BrandAid's fraud claim against Cyberian and Biss, jointly and severally. We assume the
9  parties' familiarity with the underlying facts and the procedural history of the case, as well as the
10 issues on appeal.

11  Biss attempts to challenge the District Court judgment entered in favor of BrandAid and
12 against Cyberian on BrandAid's breach of contract claim. Because Cyberian has not appealed,
13 we lack appellate jurisdiction to review the judgment entered against it. *See Billino v. Citibank,*
14 *N.A.*, 123 F.3d 723, 726 (2d Cir. 1997). In addition, we find no error in the District Court's
15 determination that Biss engaged in fraudulent conduct toward BrandAid. Accordingly, we affirm
16 the $1 nominal judgment entered against Biss on BrandAid's fraud claim for substantially the
17 same reasons stated by the District Court. *See BrandAid Marketing Corp. v. Biss*, No. 03 Civ.
18 5088(WHP), 2008 WL 190494, *4-*6 (S.D.N.Y. January 22, 2008).

19  In its brief to this Court, BrandAid argues for a partial reversal of the District Court
20 judgment on the grounds that the court (1) erroneously calculated the damages stemming from its

fraud claim and (2) abused its discretion by denying BrandAid's request for punitive damages. Because BrandAid did not properly cross-appeal, we dismiss its appeal for lack of appellate jurisdiction.

Under the Federal Rules of Appellate Procedure, a notice of appeal must specify the party taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is taken. *See* Fed. R. App. P. 3(c)(1). The notice of appeal must also "'specifically indicate the litigant's intent to seek appellate review . . . [in order to] ensure that the filing provides sufficient notice to other parties and the courts.'" *Haugen v. Nassau County Dep't Of Soc. Servs.*, 171 F.3d 136, 137-38 (2d Cir. 1999) (per curiam) (alterations in original) (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992)). However, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). The Supreme Court has instructed that the technical requirements contained within Rule 3 of the Federal Rules of Appellate Procedure should be liberally construed. *See Smith*, 502 U.S. at 248. Indeed, even if a notice of appeal is "technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the *functional equivalent* of what the rule requires." *Id.* (emphasis added) (internal quotation marks omitted). For instance, in *Haugen*, 171 F.3d at 137-38, a case upon which BrandAid relies, we deemed a letter requesting an extension of time to appeal to be itself a notice of appeal.

In this case, the District Court judgment was entered on January 25, 2008. Paul Sloan, the Chairman and CEO of BrandAid, purportedly on behalf of BrandAid, filed a "Motion For Extension of Time to File a Notice of Appeal," dated February 13, 2008. The District Court, noting that BrandAid's appearance was without counsel, rejected the application on the ground

that corporations may only appear through counsel in federal court. We need not determine whether BrandAid's motion was the "functional equivalent" of a notice of appeal because it is well-settled that a corporation cannot appear in federal court except through its lawyer. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006). Thus, even if we construed Mr. Sloan's motion for an extension of time to file a notice of appeal as the functional equivalent of a notice of appeal, he nevertheless had no authority to represent BrandAid in this federal court proceeding. *See Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568-69 (2d Cir. 2000). We therefore conclude that BrandAid failed to properly cross-appeal the District Court judgment.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** and BrandAid Marketing Corporation's cross-appeal is **DISMISSED**.

For the Court
Catherine O'Hagan Wolfe, Clerk

By: [signature]

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by [signature]
DEPUTY CLERK